[Civ. No. 2224. First Appellate District.—April 29, 1918.]

CRANE COMPANY (a Corporation), Respondent, v. MARY-
LAND CASUALTY COMPANY (a Corporation), Ap-
pellant.

MECHANICS' LIENS—RECOVERY ON STATUTORY BOND—FILING OF LIEN
ESSENTIAL.—Under the mechanic's lien law, only those persons who
have filed their claims of lien are entitled· to recover upon the
statutory bond furnished pursuant to section 1183 of the Code of
Civil Procedure.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

John Ralph Wilson, and Charles B. Morris, for Appellant.

Milton Newmark, for Respondent.

A. A. Moore, Stanley Moore, and L. R. Weinmann, as *Amici
Curiae*.

BEASLY, J., *pro tem.*—The defendant, Maryland Casualty
Company, appeals from a judgment in favor of plaintiff upon
a statutory bond furnished pursuant to section 1183 of the
Code of Civil Procedure by the defendant to the owner of the
building that was being erected by Siebert & Company, as con-
tractors, and for which the plaintiff, Crane & Company, fur-
nished materials.

The sole question in the case is whether or not it was a con-
dition precedent to the recovery by the respondents in this
action against appellants upon their bond that the respondent
file a claim of lien pursuant to the provisions of the mechanic's
lien law. The trial court decided this question in the nega-
tive, and in accordance with this answer gave judgment for
plaintiff, although plaintiff had filed no such claim. The an-
swer given by the trial court to the question was incorrect and
the judgment must, therefore, be reversed, and it is so ordered.
(*Hubbard* v. *Jurian*, 35 Cal. App. 757, [170 Pac. 1093].)

Lennon, P. J., and Kerrigan, J., concurred.